IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION
CASE NO. 3:26-cv-1114-SAL

| | | |
|---|---|---|
| MARKEL INSURANCE COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | **COMPLAINT FOR** |
| | ) | **DECLARATORY JUDGMENT** |
| vs. | ) | |
| | ) | |
| FOR LIFE MEDICAL TRANSPORT | ) | |
| LLC, SAINT MATTHEWS AMBULANCE | ) | |
| SERVICE OF THE MIDLANDS, LLC, | ) | |
| MARK ALLEN GRIGGS, AND | ) | |
| ANGELA MCCLINTON, INDIVIDUALLY | ) | |
| AND AS PERSONAL REPRESENTATIVE | ) | |
| OF THE ESTATE OF THOMASINE | ) | |
| MCCLINTON | ) | |
| | ) | |
| Defendant. | ) | |

**COMES NOW** Plaintiff Markel Insurance Company ("MIC"), pursuant to Rule 57 of the

Federal Rules of Civil Procedure and the provisions of 28 U.S.C. § 2201, and alleges and says:

**Preliminary Statement**

1.      Pursuant to 28 U.S.C. § 2201, MIC seeks a declaratory judgment and adjudication

concerning the rights, obligations, and liabilities of the parties under a policy of insurance issued

by MIC with respect to claims for coverage made by Defendants For LIfe Medical Transport, LLC

("For Life"),[1] Saint Matthews Ambulance Service, LLC ("SMAS"), and Mark Allen Griggs

("Griggs") (collectively "Saint Matthews Defendants") arising from an action brought by Angela

---

[1] For Life has asserted in the Underlying Action that the proper name for the company is "For LIfe Medical Transport, LLC," despite being sued as "For Life Medical Transport, LLC". Therefore, MIC relies upon this representation in naming the company. However, for ease of reference, and as noted above, the company will simply be referred to as "For Life" herein.

McClinton, individually and as personal representative of the estate of Thomasine McClinton, ("McClinton") against the Saint Matthews Defendants ("Underlying Action").

2.     The Underlying Action is currently pending in the Richland County Court of Common Pleas, case no. 2025-CP-40-00139.  Default has been entered against For Life and SMAS in the Underlying Action, and their Motion to Set Aside the Entry of Default was denied, as was a subsequent motion for reconsideration of the denial of their Motion to Set Aside the Entry of Default.

3.     MIC is providing a defense to the Saint Matthews Defendants under a reservation of rights.  Through this action, MIC seeks a declaration that it owes no duty to indemnify the Saint Matthews Defendants in the Underlying Action beyond the statutory minimum limits for automobile insurance in South Carolina.

## Jurisdiction

4.     Jurisdiction over the claims contained herein is invoked pursuant to 28 U.S.C. § 1332(a)(1) and (c) in that there is complete diversity of citizenship among the parties and the amount in controversy exceeds the sum of $75,000.

## Venue

5.     This action properly lies in the U.S. District Court for the District of South Carolina pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this declaratory judgment action took place in this judicial district.  In addition, the underlying lawsuit that forms the basis for this declaratory relief action took place in Richland County, South Carolina, which is located in this judicial district and division.

6.     Furthermore, upon information and belief, the Defendants in this action are all South Carolina residents and the policy of insurance at issue in this action was issued to Saint

Matthews Ambulance Service of the Midlands, LLC DBA: For Life Medical Transport in South Carolina, in Lexington, South Carolina, which is located in this judicial district and division.

## Parties

7.     Markel Insurance Company is an Illinois corporation, with its principal place of business in the Commonwealth of Virginia, and is authorized to conduct business in the State of South Carolina.

8.     Upon information and belief, Defendant For Life was at all times mentioned herein a limited liability company organized and existing under the laws of the State of South Carolina, with its principal place of business in Lexington County, South Carolina.

9.     Upon information and belief, the members of Defendant For Life are, and at all times mentioned herein were, citizens of the State of South Carolina

10.     Upon information and belief, Defendant SMAS is, and at all times mentioned herein was, a limited liability company organized and existing under the laws of the State of South Carolina, with its principal place of business in Lexington County, South Carolina.

11.     Upon information and belief, the members of Defendant SMAS are, and at all times mentioned herein were, citizens of the State of South Carolina.

12.     Upon information and belief, Defendant Griggs is, and at all times mentioned herein was, a citizen of the State of South Carolina.

13.     Upon information and belief, Defendant McClinton is, and at all times mentioned herein was, a citizen of the State of South Carolina.

## Facts

### A.  The Underlying Action

14.     Upon information and belief, SMAS and For Life are South Carolina businesses that provide medical transport services.

3

15.     Upon information and belief, Griggs is, and was at all times mentioned herein, an employee of either SMAS and/or For Life and was employed as driver of its medical transport vehicles.

16.     On or around December 2, 2024, Griggs was driving a vehicle owned and operated by Defendant SMAS and/or For Life.  This vehicle was transporting Thomasine McClinton.

17.     According to the allegations in the Underlying Action, Griggs made a left hand turn in front of oncoming traffic and the vehicle he was operating was struck by another vehicle traveling at a high rate of speed.

18.     The collision occurred in or around the intersection of Wilkes Road and Farrow Road in Richland County, South Carolina.

19.     The Underlying Action alleges that Thomasine McClinton was injured and passed away as a result of the injuries she received in the collision.

20.     McClinton filed the Underlying Action on January 8, 2025.  A true and accurate copy of the filed Complaint in the Underlying Action is attached hereto as **Exhibit 1**.

21.     The Complaint in the Underlying Action asserts claims against each of the Saint Matthews Defendants.  More specifically, the Complaint asserts causes of action against the Saint Matthews Defendants for Wrongful Death and Survivorship as a result of the accident involving the vehicle driven by Griggs for SMAS and/or For Life.

22.     The Complaint in the Underlying Action was served on For Life and SMAS on January 13, 2025.  A true and accurate copy of the filed Proof of Service in the Underlying Action is attached hereto as **Exhibit 2**.

23.     Although representatives of For Life and/or SMAS had previously notified MIC of the accident, a copy of the Complaint was not provided to MIC by any of the Saint Matthews Defendants within thirty (30) days after it was served.

4

24. On February 18, 2025, the Richland County Clerk of Court, on Motion by McClinton, entered an Order of Entry of Default against For Life and SMAS in the Underlying Action. A true and accurate copy of the filed Order of Entry of Default is attached hereto as **Exhibit 3**.

25. At no time prior to the Order of Entry of Default did anyone provide MIC with a copy of the Complaint in the Underlying Action or advise MIC that suit had been filed against any of the Saint Matthews Defendants.

26. On February 26, 2025, the Richland County Clerk of Court, on Motion by McClinton, entered an Order referring the case to a Special Master. A true and accurate copy of the filed Order on Motion for Referral to Special Referee is attached hereto as **Exhibit 4**.

27. Later that same day, February 26, 2025, the Saint Matthews Defendants filed a Motion to Vacate Default and a Motion to File Late Answer. On March 10, 2025, the Defendants filed an Amended Motion to File Late Answer. True and accurate copies of each of these filed documents are attached hereto as **Exhibit 5**.

28. MIC did not receive notice of the Complaint in the Underlying Action until February 26, 2025, when counsel for the Saint Matthews Defendants provided it with the Order for Referral to Special Referee. A true and accurate copy of an affidavit filed in the Underlying Action evidencing this is attached hereto as **Exhibit 6**.

29. On May 29, 2025, following briefing and a hearing, the Special Master denied the Saint Matthews Defendants' Motion to Vacate Entry of Default and Motion to File Late Answer. A true and accurate copy of the filed Order Denying Motion to Set Aside Default is attached hereto as **Exhibit 7**.

30. The Saint Matthews Defendants moved the Special Master to reconsider the Order Denying Motion to Set Aside Default. By order dated July 25, 2025, the Special Master denied

the Saint Matthews Defendants' Motion to Reconsider.  A true and accurate copy of the filed Order Denying Motion to Reconsider is attached hereto as **Exhibit 8**.

31.    On July 30, 2025, McClinton filed an offer of judgement in the Underlying Action as to For Life and SMAS for Eight Million Dollars ($8,000,000.00).

32.    In the Underlying Action, McClinton seeks actual damages, special damages, consequential damages, and punitive damages from the Saint Matthews Defendants.

33.    MIC is currently providing a defense to the Saint Matthews Defendants in the Underlying Action pursuant to a reservation of MIC's rights to contest coverage.

**B.  The MIC Policy**

34.    MIC issued a commercial lines policy of insurance, policy number MTA80001099-02 ("the Policy"), to Saint Matthews Ambulance Service of the Midlands, LLC DBA: For Life Medical Transport, effective for the policy period of October 7, 2024 to October 7, 2025.

35.    The Policy contains a Business Auto Coverage Form.  The Policy includes a limit of $1,000,000 for "Covered Autos Liability" for "Covered Autos" with designation  symbols 7, 8, and 9.

36.    A true, accurate, and complete copy of the policy is attached hereto as **Exhibit 9** and is herein incorporated by reference in this Complaint.

37.    The Policy contains the following under **SECTION I – COVERED AUTOS**:

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages.  The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

. . .

| Symbol | Description Of Covered Auto Designation Symbols |
|--------|--------------------------------------------------|

. . .

6

| 7 | Specifically Described "Autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three). |
| 8 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent or borrow from any of your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households. |
| 9 | Non-owned "Autos" Only | Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "autos" owned by your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households but only while used in your business or your personal affairs. |

38.     The Policy also contains the following under **SECTION II – COVERED**

**AUTOS LIABILITY COVERAGE**:

**A. Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

. . .

We have the right and duty to defend any "insured" against a "suit" asking for such damages . . . . However, we will have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" . . . to which this insurance does not apply. We may, investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

**1. Who Is An Insured**

The following are "insureds":

**a.** You for any covered "auto".
**b.** Anyone else while using with your permission a covered "auto" you own, hire or borrow . . .

. . .

**c.** Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

7

**B. Exclusions**

This insurance does not apply to:

### 1. Expected Or Intended Injury[2]

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured". However, this exclusion does not apply for amounts up to the limits of liability required by the South Carolina Motor Vehicle Financial Responsibility Act.

### 2. Contractual

Liability assumed under any contract or agreement.

But this exclusion does not apply to liability for damages:

  **a.** Assumed in a contract or agreement that is an " "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or
  **b.** That the "insured" would have in the absence of the contract or agreement.

39.    The Policy also includes the following under **SECTION IV – BUSINESS AUTO CONDITIONS**:

**A. Loss Conditions**

### 2. Duties In The Event Of Accident, Claim, Suit Or Loss[3]

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties, except as provided in Paragraph **d.**:

  **a.** In the event of an "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the "accident" or "loss". Include:

  **(1)** How, when and where the "accident" or "loss" occurred;

  **(2)** The "insured's" name and address; and

---

[2] This exclusion is altered by the **SOUTH CAROLINA CHANGES** endorsement to the Policy. The amended language is included herein.

[3] This Section is altered by the **SOUTH CAROLINA CHANGES** endorsement to the Policy. The amended language is included herein.

8

**(3)** To the extent possible, the names and addresses of any injured persons and witnesses.

**b.** Additionally, you and any other involved "insured" must:

**(1)** Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

**(2)** Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

**(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

**(4)** Authorize us to obtain medical records or other pertinent information.

**(5)** Submit to examination, at our expense, by physicians of our choice, as often as we reasonably require.

. . .

**d.** Failure to give notice to us as required under this Policy within the time frame specified shall not invalidate any claim by a person seeking Covered Autos Liability Coverage with respect to coverage up to the minimum limits of liability required by the South Carolina Motor Vehicle Financial Responsibility Act.

40. The Policy also includes a section titled **"HOW TO REPORT A CLAIM,"** which sets out instructions for reporting claims, the email, fax, phone, and mailing addresses for providing notice of a claim, and forms for reporting claims.

41. In addition to the above-referenced provisions, the Policy contains additional terms, conditions, exclusions, and provisions that may exclude or otherwise impact coverage, as more fully set forth in **Exhibit 9**.

<u>**FIRST CLAIM FOR RELIEF**</u>
**(Declaratory Relief)**

42. MIC restates, re-alleges, and incorporates by reference its allegations stated in paragraphs 1-41 as though fully set forth herein.

43.    This action presents a real, actual, and justiciable controversy that is ripe for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure as authorized by 28 U.S.C. § 2201.  A final ruling by this Court will determine the rights and obligations of the parties and will settle the controversy between them as to these insurance coverage issues.

44.    MIC has no duty to indemnify the Saint Matthews Defendants beyond the minimum limits of twenty-five thousand dollars ($25,000.00) set forth in S.C. Code Ann. § 38-77-140 because the Saint Matthews Defendants violated their mandatory Duties In The Event Of Accident, Claim, Suit or Loss.

45.    These violations include, but are not limited to, their duty to "[i]mmediately send [MIC] copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit"."

46.    These duties are mandatory and are conditions precedent to coverage, as explicitly set forth in the Policy.

47.    The Saint Matthews Defendants violated these duties when they failed to notify MIC that the Underlying Action had been filed against them prior to February 26, 2025, when SMAS and For Life were already in default, and the matter had already been referred to a Special Master.

48.    Because of this, MIC had no actual notice of the Underlying Action until an entry of default had been ordered.

49.    Further, Plaintiff in the Underlying Action has refused to lift the default as to SMAS and For Life, and attempts by the Saint Matthews Defendants to have the default set aside were unsuccessful.

50.    The Saint Matthews Defendants' violation of their duties as set forth in the Business Auto Conditions of the Policy substantially prejudiced MIC in numerous ways, including but not

limited to, MIC losing the ability to contest liability, being put in an adverse position to negotiate a settlement given the entry of default (including but not limited to being put in a position where it is unable to negotiate a resolution within the limits of the Policy), losing the constitutional right to demand a trial by jury, losing the ability to participate in discovery or meaningful examination and investigation of the damages in the Underlying Action, and in other such particulars as may be shown through this action.

51.    As these and other actions violated the mandatory conditions precedent to coverage under the Policy and substantially prejudiced MIC, there is no coverage under the Policy for the Underlying Action, beyond the statutory minimum limits of twenty-five thousand dollars ($25,000.00) pursuant to S.C. Code Ann. § 38-77-140.

52.    Additionally, coverage is limited or barred for other reasons.

53.    For Life is not a named insured pursuant to the Policy.  Therefore, there is no coverage for For Life pursuant to the Policy.

54.    Further, SMAS and For Life have admitted to willful conduct in the Underlying Action.  However, such willful conduct would not constitute an "accident" under the insuring agreement in the Policy and, therefore, there is no coverage for these actions.

55.    Additionally, the "Expected Or Intended Injury" exclusion would also operate to exclude coverage for willful actions by any "insured" pursuant to the Policy.

56.    The Policy also does not provide coverage to the Saint Matthews Defendants for any of the claims in the Underlying Action because the Policy contains other terms, conditions, and exclusions which otherwise preclude coverage for the claims asserted against the Saint Matthews Defendants in the Underlying Action.

57.    MIC therefore requests that this Court declare the rights, obligations, and liabilities of the parties under the Policy with respect to the claims asserted in the Underlying Action.

11

Specifically, MIC is entitled to a judgment, pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, declaring and adjudging that it does not have an obligation to indemnify the Saint Matthews Defendants under the terms of the Policy in connection with the Underlying Action, beyond the statutory minimum limits of twenty-five thousand dollars ($25,000.00) pursuant to S.C. Code Ann. § 38-77-140.

58.    In the alternative, MIC is entitled to a judgment, pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, declaring and adjudging that its liability under the Policy is limited to the one million dollar ($1,000,000.00) limit of coverage for "COVERED AUTOS LIABILITY" as set forth in the Policy.

**WHEREFORE,** Plaintiff Markel Insurance Company respectfully prays the Court as follows:

1.    That the Court declare and decree that the Policy does not afford coverage to For Life for any of the claims in the Underlying Action.

2.    That the Court declare and decree that the Policy does not afford coverage to any of the Saint Matthews Defendants for any of the claims in the Underlying Action, beyond the statutory minimum coverage under South Carolina;

3.    That the Court declare and decree that MIC is not obligated in any other way to indemnify the Saint Matthews Defendants under the Policy for any damages that they may become legally obligated to pay as a result of the Underlying Action;

4.    In the alternative, that the Court declare and decree that the Policy does not afford coverage to the Saint Matthews Defendants for any of the claims in the Underlying Action beyond the one million dollar ($1,000,000.00) limit of coverage set forth in the Policy;

5.    That the costs of this action be taxed against the Defendants;

6.    For a trial by jury on all issues so triable; and

12

7.      For such other and further relief as the Court may deem just and proper.


This the 16th day of March, 2026.

/s/  *Alexander E. Davis*
Alexander E. Davis (Fed. ID. No. 11323)
David L. Brown (N.C. State Bar No. 35327)
*Pro Hac Vice* to be submitted
GOLDBERG SEGALLA LLP
701 Green Valley Road, Suite 310
Greensboro, North Carolina  27408
Telephone:      336.419.4900
Facsimile:      336.419.4950
Email:          aedavis@goldbergsegalla.com
                dbrown@goldbergsegalla.com

*Attorneys for Markel Insurance Company*